# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

CELLULAR TELEPHONES DESCRIBED AS:
iPhone Model A1660, IMEI: 354909094310954,
Located at the DEA Cincinnati Resident Office

Case No. **1:20-MJ-00487**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____Southern_____ District of _____Ohio_____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Possession of a Controlled Substance |
| 21 U.S.C. 846 | Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Tyler D. Field, DEA
*Printed name and title*

Sworn to before me and signed in my presence. **via electronic means.**

Date: **Jul 7, 2020**

*Judge's signature*

City and state: Cincinnati, Ohio

Hon. Stephanie K. Bowman, U.S. Magistrate Judge
*Printed name and title*

# ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** iPhone Model A1660, IMEI: 354909094310954

**Subject Telephone 2:** iPhone with IMEI: 357266090203916 and assigned call number 937-608-5916

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846 and 841(a)(1)** and involve **David SCOTT,** and other yet known and unknown individuals including:

   a. Evidence that shows the device was used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing hi

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONES DESCRIBED AS:<br><br>iPhone Model A1660, IMEI: 354909094310954<br><br>iPhone with IMEI: 357266090203916 and assigned call number 937-608-5916<br><br>**Located at the** DEA Cincinnati Resident Office 36 E. 7th Street, Suite 1900 Cincinnati, Ohio | CASE NO. 1:20-MJ-00487<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Tyler D. Field, a Special Agent with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—two electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since March 2016. I also serve as a U.S. Army Military Police Major in the Indiana Army National Guard and have done so for over eighteen years. Prior to being employed with the DEA, I was employed as a police officer for the Town of Bridgewater, Massachusetts for over three years. I have graduated from the U.S. Army Military Police School, Plymouth Police

Academy, and DEA Basic Agent Academy. During those courses I received training in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code.  As a DEA agent, I have participated in approximately twenty criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code)

3. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 18-week Basic Agent Training course. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. As a DEA Agent, I have participated in approximately twenty criminal investigations and in the execution of numerous search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code).  These warrants covered the search of locations to include: residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, stash houses used as storage and distribution points for controlled substances, as well as the search of Facebook profiles, e-mail accounts, and mobile telephones.

5. Through my training and experience, I know that those involved in the illegal sale and distribution of narcotics often store in their cell phones and mobile devices, contact information for their associates so that they may stay in ready contact with their customers and source(s) of supply.  Often the information stored in the contact list may be in the form of a code to conceal the true identity of the contact.

2

6. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8. The property to be searched:

**Subject Telephone 1:** iPhone Model A1660, IMEI: 354909094310954

**Subject Telephone 2:** iPhone with IMEI: 357266090203916 and assigned call number 937-608-5916

9. The subject telephones were located and seized from David SCOTT, in Dayton, Ohio, referred hereinafter to as the **SUBJECT TELEPHONES**. The above items are currently in the custody of DEA Cincinnati.

10. The applied-for warrant would authorize the forensic examination of the **SUBJECT TELEPHONES** for the purpose of identifying electronically stored data particularly described in Attachment B.

## SUMMARY OF INVESTIGATION

11. On February 7, 2017, Luxury Sports Auto Sales, located at 5360 W. 3rd Street, Dayton, Ohio, was incorporated with David SCOTT listed as the statutory agent and manager and Jerry VAUGHN listed as the treasurer.

12. On December 14, 2019, at approximately 2:20 p.m., Shannon HIGGINS' Ford Taurus with Ohio License plates HXR3481 (HIGGINS' vehicle) departed the area of 1575 Mandarin Drive, Cincinnati, Ohio (HIGGINS' residence), according to the court-authorized GPS tracking device

3

installed on HIGGINS' vehicle. HIGGINS' vehicle travelled directly to the area of Luxury Sports Auto Sales according to the GPS tracking device, arriving at approximately 3:11 p.m. Officers/agents observed, via a camera, HIGGINS' vehicle park at Luxury Sports Auto Sales. Officers/agents observed the driver of a Nisan Maxima, later identified as SCOTT, exit the Nissan and enter the front passenger seat of HIGGINS' vehicle. At approximately 3:17 p.m., officers/agents observed HIGGINS exit HIGGINS' vehicle and enter the driver's seat of the Nissan and SCOTT enter the front passenger seat of the Nissan.

13. At approximately 3:38 p.m., officers/agents observed a red Buick sedan arrive at Luxury Sports Auto sales being driven by VAUGHN. Immediately upon the arrival of VAUGHN's Buick, both HIGGINS and SCOTT exited the Nissan and walked to VAUGHN's Buick. HIGGINS entered the front passenger seat of VAUGHN's Buick, while SCOTT stood next to the car. At approximately 3:41 p.m., HIGGINS exited VAUGHN's Buick, entered the driver's seat of HIGGINS' vehicle, and departed the area. Based on my training and experience, I am aware that meetings between drug traffickers to either distribute controlled substances or discuss the future distribution of controlled substances are often very brief. Consequently, I believe that HIGGINS, VAUGHN, and SCOTT engaged in a drug transaction.

14. On December 18, 2019, there were approximately four communications between HIGGINS (using telephone number 513-319-4418) and SCOTT (using telephone number 937-608-5916). Based on my training, experience, discussions with other law enforcement officers/agents, and my belief that SCOTT, HIGGINS, and VAUGHN engaged in a drug transaction on December 14, 2019, I believe that the communications between HIGGINS and SCOTT, using telephone number 937-608-5916, were in furtherance of their drug trafficking conspiracy.

15. On January 27, 2020 at approximately 1:03 p.m., HIGGINS departed the area of HIGGINS' residence according to the GPS tracking device. HIGGINS' vehicle travelled directly

4

to Luxury Sports Auto Sales, arriving at approximately 1:57 p.m. Officers/agents observed, via a camera, HIGGINS' vehicle park in the parking lot of Luxury Sports Auto Sales.

16. At approximately 1:53 p.m., VAUGHN's Buick departed the area of VAUGHN's residence located at 609 N. Eppington Drive, Dayton, Ohio according to a court-authorized GPS tracking device installed on VAUGHN's Buick. VAUGHN's Buick travelled directly to Luxury Sports Auto Sales, arriving at approximately 2:03 p.m. Officers/agents observed VAUGHN exit the driver's door of VAUGHN's Buick with his left hand in his left pocket and enter the front passenger door of HIGGINS' vehicle. Approximately one minute later, VAUGHN exited the front passenger door of HIGGINS' vehicle and entered the driver's seat of VAUGHN's Buick. This activity was consistent with the meeting between HIGGINS and VAUGHN on December 14, 2019. Based on my training and experience, I am aware that meetings between drug traffickers to distribute controlled substances are often brief.

17. At approximately 2:04 p.m., HIGGINS departed Luxury Sports Auto Sales. HIGGINS's vehicle travelled directly to I-75 south travelling towards Cincinnati.

18. Following HIGGINS' departure, VAUGHN remained inside of VAUGHN's Buick. At approximately 2:24 p.m., VAUGHN's Buick departed Luxury Sports Auto Sales and was followed by surveillance.

19. At approximately 2:36 p.m., Ohio State Highway Patrol (OSHP) troopers operating marked OSHP vehicles conducted a traffic stop on HIGGINS' vehicle on I-75 south north of state route 129. The troopers detained HIGGINS and directed him to the rear of one of their marked vehicles. TFO David Theobald then directed his canine partner "Jaki" to conduct an open air sniff of HIGGINS' vehicle and "Jaki" alerted to the right front tire on the downside of the vehicle. TFO Theobald and his canine "Jaki" are a currently certified narcotics team. The team is certified by the Ohio Peace Officer Training Commission and the Office of the Attorney General (Ohio). TFO Theobald reports that "Jaki" passed all of his examinations and has successfully located hidden

5

drugs in the past and therefore your Affiant considers "Jaki" to be reliable. Troopers subsequently searched the vehicle and located a black plastic underneath the front passenger seat. Inside the black plastic bag troopers observed two clear plastic bags containing approximately 487.9 grams of cocaine. HIGGINS was then placed under arrest and transported to the Cincinnati Police Department for processing. Officers/agents also seized HIGGINS' telephone.

20. At approximately 3:03 p.m., Trotwood Police officers stopped VAUGHN's vehicle. Officers took VAUGHN in custody and transported him to the Trotwood Police Department. During a search of VAUGHN's vehicle, officers/agents located $15,502 in United States currency which I believe to be drug proceeds that VAUGHN obtained from HIGGINS.

21. At approximately 4:32 p.m., officers/agents executed a search warrant at Luxury Sports Auto Sales and seized a large metal cylinder that required a forklift to be moved due to its size and weight. Officers/agents later learned that the metal cylinder contained approximately 79 kilograms of cocaine. During the search of Luxury Sports Auto Sales officers/agents also observed a forklift which was rented by SCOTT from Miami Industrial Trucks. When renting the forklift, SCOTT used telephone number 937-608-5916. Based on my training, experience, and my knowledge that the metal cylinder was very heavy, I believe that SCOTT rented the forklift using telephone number 937-608-5916 to move the metal cylinder containing cocaine.

22. On June 17, 2020, a federal grand jury in the Southern District of Ohio returned a superseding indictment charging SCOTT and VAUGHN with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and a narcotics conspiracy in violation of 21 U.S.C. § 846.

23. On June 29, 2020, the Honorable Karen L. Litkovitz, United States Magistrate Judge in the Southern District of Ohio, signed a warrant authorizing the search of 4560 Wayne Meadows Circle, Huber Heights, Ohio.

24. On July 1, 2020 at approximately 9:42 a.m., I observed SCOTT exit the front door of 4560 Wayne Meadows Circle and enter the front driver's seat of a gray Chrysler 200 with Ohio dealer plate 003D9CN parked in the parking lot directly in front of 4560 Wayne Meadows Circle. According to the Ohio Bureau of Motor Vehicles, dealer plate 003D9CN is registered to Luxury Sports Auto Sales at 5360 W. Third Street, Dayton, Ohio. At approximately 9:45 a.m., I observed the Chrysler travel south on Wayne Meadows Circle. The Chrysler was followed by surveillance. At approximately 9:47 a.m., Ohio State Highway Patrol Troopers stopped the Chrysler in the area of 4154 Powell Road. The troopers placed SCOTT in custody and directed SCOTT to the rear of a marked Ohio State Highway Patrol vehicle. Officers/agents then seized the **SUBJECT TELEPHONES** from the center console of the Chrysler in plain view.

25. Officers/agents executed the search warrant at 4560 Wayne Meadows Circle. During the search warrant, officers/agents seized a significant amount of United States currency that was packaged in a manner consistent with being drug proceeds. Based on my training, experience, my knowledge that SCOTT is the owner of Luxury Sports Auto Sales; my belief that SCOTT, HIGGINS, and VAUGHN engaged in a drug transaction at Luxury Sports Auto Sales on December 14, 2019; my knowledge that a large amount of controlled substances was seized from Luxury Sports Auto Sales; and my knowledge that SCOTT has been indicted on drug trafficking offenses, I believe that the U.S. currency seized from SCOTT's residence was drug proceeds.

26. Based on my training, experience, discussions with other law enforcement officers/agents; my knowledge that SCOTT is the owner of Luxury Sports Auto Sales; my knowledge that a large amount of controlled substances were seized from Luxury Sports Auto Sales; my belief that SCOTT, HIGGINS, and VAUGHN engaged in a drug transaction at Luxury Sports Auto Sales on December 14, 2019; my belief that SCOTT and HIGGINS later communicated using telephone number 937-608-5916, the telephone number assigned to **Subject Telephone 2**, in furtherance of their drug trafficking conspiracy; my knowledge SCOTT used telephone number 937-608-5916 to

7

rent a forklift which I believe was used to move the cylinder containing a large amount of controlled substances; my knowledge that SCOTT has been indicted for drug trafficking offenses; my knowledge that SCOTT was arrested after leaving a location where I believe he stored drug proceeds; and my knowledge that the **SUBJECT TELEPHONES** were found in a vehicle registered to Luxury Sports Auto Sales, I believe that evidence of SCOTT's drug trafficking activities will be found in the **SUBJECT TELEPHONES.**

27. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement. Based on the above facts and circumstances, I believe the contents on **SUBJECT TELEPHONES** will lead to information that can identify possible stash house locations, money laundering techniques, and other co-conspirators. Lastly, I believe that probable cause exists to search the **SUBJECT TELEPHONES**.

    Respectfully submitted,

_____
Tyler D. Field
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 7th day of July, 2020. **via electronic means.**

_____
HON. STEPHANIE K. BOWMAN
United States Magistrate Judge

# ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** iPhone Model A1660, IMEI: 354909094310954

**Subject Telephone 2:** iPhone with IMEI: 357266090203916 and assigned call number 937-608-5916

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

**ATTACHMENT B**

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846 and 841(a)(1)** and involve **David SCOTT,** and other yet known and unknown individuals including:

    a. Evidence that shows the device was used to further facilitate the distribution of illegal narcotics;
    b. lists of customers and related identifying information;
    c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
    d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
    e. any information recording schedules or travel;
    f. any and all stored telephone numbers;
    g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
    h. Any and all emails, sent, received, delete, draft and/or saved;
    i. any and all voicemails;
    j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
    k. Any and all data retrieved from Apps on the device;
    l. any and all entries made in a calendar and/or notebook feature;
    m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.